THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PAUL McCOY, Defendant-Appellant.

(No. 54990;

First District—December 27, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Michael Weininger and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Zenon Forowycz, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE ENGLISH delivered the opinion of the court:

Defendant was indicted for unlawful sale of narcotics (heroin). On November 30, 1967, he pleaded guilty to the lesser offense of possession of narcotics and was admitted to probation for five years.

On August 1, 1969, there was a hearing on a rule to show cause why the probation should not be terminated, these proceedings having been instituted by the probation officer on the ground that defendant had been convicted of possession of heroin on April 17, 1969, and sentenced by another judge to a term of five to six years.

■■ At the hearing, a person identified only as "Mr. Moody," and not sworn as a witness, reported the April 17, 1969, conviction to the court, and defense counsel in this court contends that this was insufficient proof to justify revocation of probation and sentence in the instant case. Which it was, in and of itself. There is no indication in the record as to why the State's Attorney did not follow the simple expedient of proving the 1969 conviction, as there could then be no question that this proof would have been adequate support for the present judgment. *People v. Johnson*, 121 Ill.App.2d 97, 257 N.E.2d 121, 123-124.

Instead, however, the State chose to present as a witness the police officer who had testified in the trial which had purportedly resulted in the 1969 conviction. In brief, his testimony was that a warrant had been obtained to search for narcotics at defendant's apartment at 133 S. Halsted Street, Apartment No. 10. He went there, pushed open the door at about noon on May 9, 1969, and found defendant lying face down on a bed. His arm was hanging over the edge of the bed, and just beyond his fingertips was a tin-foil packet of white powder which was tested and found to be heroin. He did not believe defendant was under the influence of narcotics at the time. The officer testified that his testimony had been the same at the previous trial.

The officer further testified that there was another man, lying across the foot of defendant's bed at the time, who was dead as a result of an overdose of narcotics.

Defendant testified that he had been asleep since about 1:30 A.M. and had not partaken of narcotics that day. Through his testimony and the

argument of his counsel at the hearing, they sought to convince the court that the proof was inadequate, particularly in view of the presence of the dead man in the apartment.

■■ The court, however, found that the preponderance of the evidence—the quantum of proof which is sufficient at a revocation hearing (*People v. Killion*, 113 Ill.App.2d 461, 462)—established possession on the part of defendant, and took the action referred to above. It is interesting to note in this regard that despite the lack of evidentiary proof of the 1969 conviction as such, it had in all probability taken place because the State's Attorney asked the court to impose a consecutive sentence, while defense counsel argued that a concurrent sentence should be sufficient.

■■ In our opinion, the trial court did not abuse its discretion in revoking probation as it did (*People v. Tomaszek*, 54 Ill.App.2d 254, 264), nor in directing that the sentence be served concurrently with the five-to-six-year term which was apparently imposed in connection with the 1969 conviction.

The judgment is affirmed.

Judgment affirmed.

DRUCKER and LORENZ, JJ., concur.